DE STEFANO v. BROWN et al. (two cases).  ROMAN v. SAME.

DINORCIA v. SAME.

(Supreme Court, Appellate Term.  June 22, 1903.)

1. SECURITY FOR COSTS—ORDER AFTER ANSWER—SETTING ASIDE—DISCRETION.
   It rests within the discretion of the trial court to set aside an order requiring plaintiff to give security for costs, made after defendants had answered.

2. SAME—ABUSE OF DISCRETION.
   Where a satisfactory excuse was given for defendants' failure to ask for an order requiring plaintiff to give security for costs till after answer, and it appeared that plaintiff was financially irresponsible, and that the cause of action arose outside of the state, the trial court did not abuse its discretion in afterwards refusing to set aside the order.

Appeal from City Court of New York.

Actions by Bartolomeo De Stefano, Anna De Stefano, Teresa Roman, an infant, by Chas. Roman, her guardian ad litem, and Louisa Dinorcia, an infant, by Rafaela Dinorcia, her guardian, against Charles A. Brown and John Fleming, doing business as Brown & Fleming. From orders in each of the four cases denying motions to set aside orders requiring plaintiffs to file securities for costs, plaintiffs·appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Palmieri & Wechsler, for appellants.

F. W. Park, for respondents.

PER CURIAM.  In each of these cases the plaintiff is a nonresident, and, if the defendants had moved for security for costs before answer, they would have been entitled to it as a matter of right.  Having obtained the order after answer, the question, on plaintiffs' motion to vacate it, was addressed to the discretion of the court.  Upon all the facts as they were made to appear, and especially as a satisfactory excuse for the delay was presented, and the plaintiff was shown to be financially irresponsible, and the alleged cause of action arose outside of this state, we cannot hold that there was an abuse of discretion.

The order in each case is affirmed, with costs.